## BURROUGH v. LOUISIANA IRON & SUPPLY CO.

### No. 6214.

Court of Appeal of Louisiana. Second Circuit.

Nov. 1, 1940.

C. B. Prothro, of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson and Edward S. Klein, all of Shreveport, for appellee.

HAMITER, Judge.

The possession of a hernia, with attending disability, that was occasioned by an accident on March 23, 1939, while working in the employ of defendant, the Louisiana Iron & Supply Company, is alleged by plaintiff, J. R. Burrough, in his petition of this cause; and he asks an award of compensation under the provisions of the Louisiana Employer's Liability Act, Act No. 20 of 1914.

The original and supplemental answers contain denials of all allegations of material facts. Alternatively defendant avers its willingness to furnish an operation, to be performed by a surgeon of plaintiff's choice, for the cure of the hernia.

The benefits sought by plaintiff were refused him under the judgment of the District Court, and he prosecutes this appeal.

During the latter part of March, 1939, defendant, as the evidence conclusively shows, was engaged in the disinterring of a pipe line located near Harmon, Louisiana. For this purpose it used two crews of men. One was composed of negroes, with plaintiff, a white man, as the foreman, the duty of which was to remove the dirt; and the other was made up of white persons whose responsibility was the disengaging of the pipe and the lifting of it from the ditch.

When the project commenced on March 19, 1939, one Malloy had general charge of it. A few days later H. C. Outman succeeded him as superintendent and continued in this capacity until the project's completion about March 26, 1939.

On April 3, 1939, plaintiff's attorney addressed a letter to defendant urging payment of compensation to plaintiff because of an injury in the nature of a hernia assertedly sustained by the client while in the course of his employment.

The following day, or April 4, 1939, plaintiff was examined by Dr. J. F. Tanna, a specialist in the medical branches of proctology and gynecology. This examination disclosed the existence of an inguinal hernia on his right side.

It is plaintiff's contention in this cause, and he testified, that his hernia resulted from an accident experienced on March 23, 1939, about 11:50 A. M. while discharging the duties of foreman of the negro crew. The accident, he stated, consisted of his tripping and falling on a pick axe that had been left on the ground by a worker, the blunt end of which struck the lower portion of his right side and broke the skin "just a little".

Plaintiff further testified that he sat for ten or fifteen minutes and then resumed his work of overseeing; that forty or fifty minutes later he informed the superintendent, H. C. Outman, of his falling on the pick axe and being injured; and that he "stayed on the job until it was ended" about three days thereafter.

On the night of the claimed accident, plaintiff's wife, according to her testimony, was shown the bulging place in his lower right side and she massaged it with liniment; no injury had ever before existed there.

Approximately fifteen negro workmen made up the crew that plaintiff was managing, and all were engaged in his vicinity. Four of these were called by him as witnesses in this cause, but none saw any fall take place. Two stated that they watched him arise from the ground, and the four said that he complained of being hurt by falling on a pick axe.

Of the remaining workmen, six gave testimony as defense witnesses. The asserted falling and rising was not seen by any of them; however, all heard plaintiff remark that he had fallen on a pick axe. One of this group testified that he asked plaintiff to show him the injured place, but this request was refused.

It is to be noted from the above discussion that the case presents only the question of fact: Did plaintiff's hernia result from an accident occurring on March 23, 1939? The trial judge found that it did

not. If the decision appealed from is to be disturbed, this finding, made from the conflicting evidence adduced, must be declared by us to be manifestly erroneous.

The record reveals numerous circumstances that do not favorably affect the compensation claim urged. Some of these are hereinafter discussed.

Propounded to plaintiff by his own counsel was the question: "You have never (before) been hurt by anybody, any time or in any job you have been on?" The answer was no. Later during the trial there was offered and filed in evidence by defense counsel a duly certified copy of the proceedings in cause No. 25,892 on the docket of the Ninth Judicial District Court of Rapides Parish, Louisiana, entitled "John Burrough vs. Roy M. Lilly". These proceedings evidence a compromise settlement for $99.84 of a compensation claim; and in the petition thereof which this plaintiff signed and filed, it is alleged: "That on or about April 6, 1936, while John Burrough was employed as a laborer by Roy M. Lilly, a construction company of Crowley, Louisiana, and while working on a pile driver in the building of a bridge near Hot Wells, Louisiana, which construction job was State Project 1023, suffered a Sacro-iliac Sprain of his back; as a result of such injury the said John Burrough was totally disabled, until June 19, 1936, a period of ten (10) weeks and four days at which time he was able to return to work."

As before shown, appellant testified that his skin was broken "a little" as the result of his contact with the pick axe. However, the physician of his choice, Dr. Tanna, who was called by him as a witness, stated that the examination made twelve days later disclosed no fresh injury. Further stated the doctor: "I could not determine whether or not this hernia was a direct result of trauma."

Plaintiff testified that when reporting the accident to Superintendent Outman, forty or fifty minutes after its occurrence, this superior commented: "Things like that will happen on a job"; and he was immediately thereafter transferred by the superintendent in an automobile to some work that was to be performed the following day. Mr. Outman, offered as a defense witness and who is no longer associated with defendant, emphatically denied that plaintiff informed him of any accident; or that he made the comment attributed to him; or

that plaintiff rode with him in an automobile. The first information he received about the asserted accident, he testified, was during the early part of April, 1939, after the completion of the work.

A Mr. Charles H. George, called as a witness by the defense, said that on two different occasions, shortly before the commencement of the Harmon project, plaintiff remarked about his being ruptured and unable to do hard work.

The circumstances unfavorable to plaintiff's claim, above pointed out, together with the conflicting nature of the evidence, serve to prevent our holding that manifest error has been committed by the trial judge.

The judgment of the trial court, therefore, is affirmed.